IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SUNTRUST BANK,

    Plaintiff,

v.                                                        CASE NO. 5:18-cv-138-RH-GRJ

KAREN STRIPLING,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

This cause is before the Court on ECF No. 1, Defendant's Notice of Removal of Foreclosure Proceeding to Federal Court With Memorandum of Law Regarding the Constitutional Right to Privacy, and ECF No. 5, Defendant's "Motion to Show Cause."

Defendant, proceeding *pro se*, filed a Notice of Removal on June 13, 2018, removing to this Court a state-court foreclosure action filed in the Circuit Court of the Fourteenth Judicial Circuit, in and for Jackson County, Florida. ECF No. 1. A review of the state-court record reveals that the state-court foreclosure action was filed on December 16, 2015. *See SunTrust Bank v. Stripling*, Case No. 15000814CAAXMX (Fla. Cir. Ct.).

Upon an initial review of Defendant's Notice of Removal, the Court

noted multiple deficiencies and problems with the removal. First, as the Court noted, Defendant failed to follow the statutory requirements for removing a case to federal court. For example, Defendant failed to attach all the pleadings and orders from the underlying state-court case. *See* 28 U.S.C. § 1446(a) ("A defendant . . . desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant.").

Second, the Court noted that Defendant's Notice of Removal was untimely. Removal of an action must be filed within thirty days after receipt by the defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1204–05 (11th Cir. 2008). According to the state-court docket, Defendant was served in 2016—more than two years ago.  *See SunTrust Bank v. Stripling*, Case No. 15000814CAAXMX (Fla. Cir. Ct.).  The deadline for filing a notice of removal, therefore, has long since expired.

Third, the Court noted that, based upon Defendant's Notice of Removal, the Court does not have subject matter jurisdiction over this

case. Plaintiff failed to allege that any federal question was raised in the foreclosure complaint. Federal question jurisdiction is determined based upon the claims in the complaint and not by any defenses or counterclaims. Thus, to the extent Defendant is attempting to remove the case based on federal claims in her defense of the foreclosure action, she cannot do so.

Last, the fundamental problem with the removal is that Defendant appears to be a citizen of Florida as reflected in her notice of removal in which she listed her current residence in Panama City, Florida. While residence and citizenship are not the same in all cases, it appears that Defendant is a Florida citizen since she is contesting a residential foreclosure on her Florida home. Removal of a state court action to federal court is limited to out-of-state citizens. Florida defendants are not permitted to remove an action unless a federal question is raised in the complaint.

While the Court could have remanded the action based upon the notice of removal, the Court did not do so and instead entered an order to show cause to give Defendant an opportunity to explain why the case was removed properly and to explain why the Court has subject matter jurisdiction.   ECF No. 4.

*Case No: 5:18-cv-138-RH-GRJ*

In response to the Court's order to show cause, Defendant filed the "Motion to Show Cause," ECF No. 5, which the Court construes as her response to the Court's order to show cause. In her response, Defendant does not argue that her removal was proper or that this Court has subject matter jurisdiction over her case. Instead, she alleges that she was never served by SunTrust Bank in the state-court case (which makes no sense because she has now tried to remove that case to federal court), that she has been significantly disabled during the pendency of the state-court case, and that she offered to settle with SunTrust Bank for the amount of $30,000, but SunTrust refused the payment. None of these allegations address the untimeliness of the removal, contest the fact that she is a Florida defendant who improperly removed the case or show that this Court has subject matter jurisdiction over this case.

Accordingly, it is respectfully **RECOMMENDED**:

This case should be remanded to the Circuit Court for the Fourteenth Judicial Circuit in and for Jackson County, Florida and then should be closed.

**IN CHAMBERS** this 2nd day of July 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**